UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RYAN T. NEELY                                    CIVIL ACTION NO. 18-cv-0517

VERSUS                                           CHIEF JUDGE HICKS

CHRISTOPHER ASHTON, ET AL                        MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

**Introduction**

Ryan T. Neely ("Plaintiff") filed suit in state court for damages caused by an auto accident. He named as defendants the other driver, the driver's employer, and an insurer. The three defendants removed the case to federal court based on an assertion of diversity jurisdiction. Before the court is Plaintiff's Motion to Remand (Doc. 7) on the grounds that the amount in controversy does not exceed $75,000. For the reasons that follow, it is recommended that the motion to remand be denied.

**Removing Party's Burden**

Plaintiff's petition, in accordance with Louisiana law, did not set forth a demand for a specific amount of damages. When state law is such, a defendant's notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)(ii). Removal is proper on the basis of an amount in controversy asserted in the notice of removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000 exclusive of interest and costs. 28 U.S.C. §§ 1446(c)(2)(B) and 1332(a).

The burden is on the removing party to show that removal is proper, and any doubts should be resolved against federal jurisdiction.  Vantage Drilling Co. v. Hsin-Chi Su, 741 F.3rd 535, 537 (5th Cir. 2014).  Defendants may satisfy their burden by: (1) demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) setting forth the facts in controversy—in the notice of removal or an affidavit—that support a finding of the requisite amount.  Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

**Relevant Facts**

Defendants in this case rely primarily on the allegations in Plaintiff's state court petition.  Plaintiff alleged in his petition that he was driving a GMC pickup truck westbound on Interstate 220 at approximately 11:00 p.m.  At the same time, the defendant driver was traveling eastbound on Interstate 220 in a Kenworth tractor-trailer rig that carried a load of large wood boards on a 48-foot trailer.  Plaintiff alleges that the other driver lost control, struck the dividing wall of the interstate, and caused his load to fall onto the westbound lane of traffic.  This caused Plaintiff's truck "to run into and over the large board, ultimately becoming high centered and resulting in the injuries and damages complained of herein.  Petition, ¶¶ 3-4.

Plaintiff alleges that, as a result of the collision, he "suffered pain, mental anguish and distress, as a result of the injuries he sustained in said collision including, but not limited to, fracture of coccyx, lumbar pain, right hip, lumbar thoracic and cervical strain/sprain as well as bruising." ¶ 10.  Plaintiff alleged that he "sustained such damages as are reasonable in the premises, including, but not limited to past and future medical

expenses, medical report charges, lost wages, loss of enjoyment of life, past, present and future pain and suffering, and past, present and future mental anguish and distress, as a result of the above described accident." ¶ 11. He added that the value of his claim, exclusive of interest and court costs, "exceeds $50,000, the jurisdictional requirement for trial by a jury" in state court. ¶ 13.

Plaintiff's motion to remand introduced new facts regarding the amount in controversy. Plaintiff described a settlement offer that he made more than three months before he filed suit. Plaintiff's counsel wrote in that offer letter that Plaintiff "sustained multiple injuries, including cervical, thoracic, lumbar and hip sprain/strain as well as a vertebral fracture in the sacrum/coccyx area of his spine." Plaintiff's counsel listed total medical expenses of $4,351.79, lost wages of $1,250, and said that he would recommend his client accept an offer that included $45,000 for general damages, for a total of $50,601.79. Plaintiff argued that his offer to settle for less than $75,000 meant that the amount in controversy could not exceed that amount.

Defendants' original notice of removal referred to the allegations in Plaintiff's petition, but it did not set forth any additional facts or information relevant to damages. After Plaintiff filed his motion to remand, Defendants filed a supplemental notice of removal (Doc. 11) that argued the settlement offer was irrelevant and not dispositive of the amount in controversy. Defendants also made arguments based on the allegations in the petition, but they did not offer any additional facts about the injuries or damages at issue. Defendants did attach an affidavit from their counsel in which he stated his opinion that the allegations in the petition made the amount in controversy exceed $75,000. Counsel

also cited some quantum decisions from the state courts and offered argument about the relevance of a settlement offer.

**Analysis**

There are a number of points to address relevant to the amount in controversy. First, Louisiana law does not permit a tort plaintiff to pray for a specific amount of damages, but La. C.C.P. art. 893(A)(1) does allow a plaintiff to allege that his damages are in excess of the amount necessary to trigger the right to a jury trial. That amount is $50,000. La. C.C.P. art. 1732. Plaintiff made such an allegation, so the amount in controversy equals at least $50,000.

Article 893(A)(1) also allowed Plaintiff to include an allegation in his petition that the damages were of an amount that would preclude the jurisdiction of federal courts. Plaintiff did not include such an allegation. However, mere silence or inaction by a plaintiff, without facts to suggest the requisite amount in controversy, cannot satisfy a defendant's burden. Lilly v. Big E Drilling Co., 2007 WL 2407254, *2 (W.D. La. 2007). Most Louisiana federal courts have stated that a plaintiff's failure to include an Article 893 allegation, alone, is insufficient to establish the amount in controversy, but the omission is entitled to "some consideration" in the inquiry. Davis v. LeBlanc, 2017 WL 4399275, *2 (W.D. La. 2017) (collecting cases).

Another component at issue is the pre-suit settlement offer made by Plaintiff's counsel. The Fifth Circuit has not specifically addressed how to weigh pre-suit settlement demands, but district courts throughout Louisiana have often acknowledged that such pre-

suit offers or demands are "valuable evidence" in determining the amount in controversy. Lowrie v. Wal-Mart, 2015 WL 9685508, *2 (W.D. La. 2015) (collecting cases).

When a plaintiff's demand exceeds $75,000, that is usually deemed satisfactory to meet the removing party's burden.  But a settlement offer for less than $75,000 does not necessarily mean that the amount in controversy is not present.  As counsel for Defendants points out, a plaintiff may offer to settle for less if he is concerned with how he would present before a fact-finder, if he has credibility issues (such as felony convictions), or if he is concerned about the potential that his own fault in contributing to the accident would reduce any trial award.  These and other factors are why the undersigned has recognized that "offers to compromise are often for less than the full amount that a party would seek if the case went to trial."  Taylor v. Cheddar's Casual Café, Inc., 2015 WL 3620190, *4 (W.D. La. 2015).

In this case, the offer has relevance beyond its total amount.  It includes the assertion that Plaintiff suffered multiple injuries, which are specified in the offer and include a vertebral fracture in the sacrum/coccyx area of the spine.  It also indicates that there have been medical bills in excess of $4,000, but lost wages—which are often a considerable component of damages—are only $1,250 in this case.

Finally, and most important, there are the allegations in the petition.  The undersigned has stated many times that mere generic allegations of an injury and a boilerplate list of categories of damages (e.g. pain and suffering, past and future medical expenses, etc.) do not make it facially apparent that the amount at issue exceeds $75,000. That is because virtually every personal injury petition filed in state and city courts includes

similar allegations of injury and list of damages, even when only mild soft tissue injuries are at stake.  Wilson v. Hochheim Prarie Cas. Ins. Co., 2014 WL 508520 (W.D. La. 2014).

Plaintiff's petition, however, includes more than a general allegation of unspecified injury followed by a boilerplate list of damages categories.  Plaintiff alleges in his petition, as he did in his settlement offer, that he suffered a fracture of the coccyx and also suffers from lumbar pain, pain in his right hip, and other strain/sprain and bruising of the body.  A general damages award of $300,000 was upheld in Shows v. Shoney, Inc., 738 So.2d 724, 739-40 (La. App. 1st Cir. 1999) for a slip and fall victim who sustained a fractured coccyx that required physical therapy and numerous epidural steroid injections.  A jury verdict of $50,000 for past pain and suffering and $250,000 for future pain and suffering was affirmed in Carter v. Baham, 683 So.2d 299, 306 (La. App. 4th Cir. 1996) where the plaintiff suffered a fractured coccyx, fractured fibula, and had 10% disability.

Magistrate Judge Perez-Montes recently denied a motion to remand in a similar case.  The plaintiff fell in a store and suffered injuries that included a possible coccyx bruise or fracture, numbness of his face and left hand, and back and hip pain.  Lost wages did not exceed $300, and medical expenses were less than $1,300.  The plaintiff stated in response to an interrogatory that the value of his claims exceeded $50,000.  The court considered quantum decisions, including Shows and Carter, and determined that it was a close question but the removing party had satisfied its burden.

The same is true in this case.  It is not a slam dunk for the removing defendants, but there are sufficient facts for them to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.  That does not mean that it is a certainty that

Plaintiff will recover that amount if he prevails. It merely means that Defendants have demonstrated that the facts alleged place that amount in controversy. Support is found in Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000), where the state court petition alleged injuries to the fall victim's right wrist, left knee and patella, and upper and lower back. The petition included general allegations of medical expenses, physical pain and suffering, loss of wages, and the like. Those allegations were found to be sufficient to make it facially apparent that the claimed damages exceeded $75,000. The particular injuries alleged in this petition are of at least equal significance. Remand is not appropriate.

**Conclusion**

The undersigned has explained that a plaintiff who wishes to avoid removal may do so by making a pre-removal stipulation that affirmatively renounces the right to accept a judgment in excess of $75,000. Police Jury Bossier Parish v. Blueford, 2015 WL 9312017, *3 (W.D. La. 2015). Plaintiff neither took advantage of an Article 893 allegation that the amount at issue was less than the jurisdictional limit of the federal court nor did he make a pre-removal stipulation that would have almost certainly prevented removal.

The undersigned has also explained that rules are in place to avoid the need for defendants to make knee-jerk removals before they gather ample evidence to prove the amount in controversy. Defendants who are faced with a petition that does not affirmatively allege on its face that the amount in controversy exceeds $75,000 may direct interrogatories, requests for admission, or similar discovery to the plaintiff in an effort to learn about the damages at issue, without fear that the 30-day removal period will run while they pursue such information. Contario v. Ball, 2017 WL 3015812, *3 (W.D. La. 2017).

The rules are designed to avoid premature or early removals that all too often result in motion practice such as this.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's **Motion to Remand (Doc. 7)** be **denied**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 31st day of May, 2018.



Mark L. Hornsby
U.S. Magistrate Judge